# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALPHA TECH USA, LLC and PEDRO J. MENDEZ-PASTRANA | § § § | |
| V. | § § | CASE NO. 4:14-CV-304<br>Judge Mazzant |
| UNITED STATES OF AMERICA | § § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Defendant United States of America's Motion to Dismiss Petitioners' Amended Petition to Quash IRS Summons[es] for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) (Dkt. #15). After considering the motion, the response, the reply, and the relevant pleadings, the Court finds the motion is granted.

## BACKGROUND[2]

In May of 1994, Pedro Mendez-Pastrana founded Alpha Tech, Inc., a Puerto Rican company that provided consulting and validation services to clients (Dkt. #19, Ex. A). The company closed effective October 31, 2009. *Id*. From 2006 to 2009, the IRS assessed taxes against Alpha Tech, Inc. amounting to $331,410.16 ($349,813.36 with penalties and interest) (Dkt. #15, Ex. A ¶ 2). In December 2010, Mendez-Pastrana paid $88,572.37 toward the tax debt, leaving a $261,240.99 balance. *Id*. at ¶ 3.

On November 3, 2009, three days after the closing of Alpha Tech, Inc., Mendez-Pastrana formed Alpha Tech USA, LLC, of which he "is President" (Dkt. #19, Ex. C).

---

[1] On October 2, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly.

[2] In its motion to dismiss, the United States objects to the exhibits attached to the Petition "because they are unauthenticated" (Dkt. #15 at 7). However, in their response to the motion, Petitioners assert that "none of the exhibits have anything to do with the factual dispute concerning jurisdiction" (Dkt. #17 at 11). Thus, the parties agree that the Court need not consider the United States' objections and motion to strike the evidence at this time (*See* Dkt. #19 at 8 n.5).

1

The IRS revenue officer handling the Alpha Tech, Inc. collection case is Lilliam Santiago ("Santiago"), who works in the Collection Division of the IRS's Puerto Rico office (Dkt. #15, Ex. A at ¶¶ 1-2). As part of her collection efforts, in March 2014, Santiago issued and served two IRS summonses to Bank of America.[3] *Id*. at ¶ 5 & attachments 1, 2. One of the summonses concerned Alpha Tech USA, LLC, as alter ego of Alpha Tech, Inc., and the other summons concerned Pedro J. Mendez-Pastrana as alter ego of Alpha Tech, Inc. The summonses required Bank of America to provide records and testimony – specifically bank statements and records of deposits and wire transfers for the period September 2013 through March 2014 – relating to the collection of tax liability. *Id*. Bank of America has notified the IRS that it will not comply with the summonses until there is a court order on the petition.

On April 28 and 29, 2014, Petitioners filed their Petition and Amended Petition to Quash IRS Summons (Dkt. #1, #4). On June 11, 2014, the United States filed its motion to dismiss for lack of subject-matter jurisdiction (Dkt. #15). On June 27, 2014, Petitioners filed their response (Dkt. #17). On July 7, 2014, the United States filed its reply (Dkt. #19).

**LEGAL STANDARD**

The United States moves to dismiss based on Federal Rules of Civil Procedure 12(b)(1). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

---

[3] Petitioners dispute the number of summonses served upon Bank of America by the United States claiming that the number of summonses was at least five. The United States affirms that there were only two summonses, one issued "in the matter of" Alpha Tech USA, LLC, and the other issued "in the matter of" Pedro J. Mendez-Pastrana.

## ANALYSIS

To sue the federal government, a plaintiff must show that the United States has waived its sovereign immunity from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). Waivers must be explicit, and they are strictly construed in the government's favor. *Lewis*, 492 F.3d at 570. A complaint against the government must identify "a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003).

Petitioners assert that the sovereign immunity of the United States is waived by 26 U.S.C. § 7609(b)(2), which states:

> [A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given…

26 U.S.C. § 7609(a) requires the IRS to give notice and an explanation of the right to intervene and seek an order to quash to any individual "who is identified in the summons." It is undisputed that Petitioners are identified in the summons.

However, the United States asserts that an exception noted in that same section of the statute excused the IRS from giving notice to Petitioners. That provision specifies that section 7609:

> shall not apply to any summons:…
>
> (C) issued in aid of the collection of –
>
> > (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or
>
> > (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)….

3

26 U.S.C. § 7609(c)(2)(D)(i). If notice is not mandated, neither is a petition to quash authorized. 26 U.S.C. § 7609(b)(2)(A). The question before the Court is whether this exception applies to the summonses issued to Bank of America in this case.

Petitioners contend that this exception does not apply to the present case because this exception applies only if the IRS has an assessment/judgment against the "person with respect to whose liability the summons is issued. Specifically, Petitioners, Alpha Tech USA, Inc. and Mendez-Pastrana, claim that no tax has been assessed against them, but was only assessed against Alpha Tech, Inc. Petitioners assert that because the identity of the taxpayer is different than that of the persons whom the IRS is attempting to hold liable for that debt, the exception cannot apply.

"Congress created the 'aid of the collection of an assessment' notice exception so as not to frustrate attempts by the IRS to collect tax liabilities." *Barmes v. United States*, 199 F.3d 386, 389 (7th Cir. 1999) (citation omitted). "Legislators were concerned that giving notice of a third-party summons to the taxpayer would allow him to withdraw the funds in his accounts before the summons could be enforced." *Id*. "The [IRS] has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability." *United States v. Clarke*, 134 S.Ct. 2361, 2364 (2014). Congress has also granted the IRS "broad latitude" to issues summonses "[f]or the purpose of… determining the liability of any person for any internal revenue tax…, or collecting any such liability." *Id*. (citing 26 U.S.C. § 7602(a)). "Such a summons directs a taxpayer (or associated person) to appear before an IRS official and to provide sworn testimony or produce 'books, paper, records, or other data… relevant or material to [a tax] inquiry." *Id*. (citing 26 U.S.C. § 7602(a)(1)). Importantly, "[t]he IRS has authority to summon not only 'the person liable for tax,' but also 'any officer or employee of

4

such person,' any person having custody of relevant 'books of account,' and 'any other person the [IRS] may deem proper.'" *Id*. at n.1 (citing 26 U.S.C. § 7602(a)(2)). In fact, as noted by one court, "[t]he IRS's efforts to collect on a tax assessment frequently lead it to third parties (i.e., individuals or business other than the assessed taxpayer), on suspicion that the taxpayer may be trying to conceal assets in the accounts, holdings, or property of the third party." *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011); *Smith v. United States*, No. 13-42 S, 2013 WL 5255924, at *2 (D.R.I. June 24, 2013) ("The elimination of the notice requirement is justified in such circumstances because notice to the taxpayer is unnecessary once the tax has been assessed, as well as to protect against fraud that might occur when the target of the summons, having a relationship to the taxpayer, tips off the scofflaw taxpayer.").

Petitioners primarily rely on a Ninth Circuit case in support of their argument that the exception does not apply because the named individuals are different than the taxpayer against whom the tax was assessed. In *Ip v. United States*, 205 F.3d 1168 (9th Cir. 2000), the Ninth Circuit found that the IRS is required to provide notice when it summons a third-party record-keeper to produce financial records of a person who has no outstanding tax liability and who has no legal relationship with any person against whom tax assessment has been made. The Ninth Circuit noted that "[t]o hold otherwise… the exception to the notice rule would swallow the rule itself and thus defy the state purpose of the legislation as reflected by the committee reports we have set forth…" *Id*. at 1175. The Ninth Circuit found that the notice exception only applies where the assessed taxpayer "has a recognizable [legal] interest in the records summoned." *Id*. at 1176; *see Barnhart v. United Penn Bank*, 515 F. Supp. 1198, 1205 (M.D. Pa. 1981) (stating the IRS may not "bootstrap a regular audit into a 'collection' merely because any liability discovered

5

with regard to the real targets of the inquiry… is contingent upon the debt already assessed against another taxpayer.").

However, the petitioner in *Ip* submitted an affidavit in which she denied having any "recognizable legal interest" in the records summoned because she denied any relationship with the assessed taxpayer, and she was not "an employee, officer, agent or stockholder." *Ip*, 205 F.3d at 1176. Here, Petitioners have submitted no declaration or affidavit denying any relationship with the assessed taxpayer, Alpha Tech, Inc. Mendez-Pastrana was the founder, principal shareholder, president, and resident agent of Alpha Tech, Inc., and he is also the president and resident agent of Alpha Tech, Inc.'s successor, Alpha Tech USA, LLC. It also appears that Alpha Tech USA, LLC is in substance the same company as Alpha Tech, Inc. This is clearly enough under the narrower test advocated by Petitioners to demonstrate that the taxpayer, Alpha Tech, Inc., has a "recognizable legal interest" in the summoned records. *See Viewtech*, 653 F.3d at 1106 (explaining that in *Ip*, "in considering whether a taxpayer had a sufficient legal interest in the object of the summons, we considered whether there was an employment, agency, or ownership relationship between the taxpayer and third party."). Certainly under the broader view advocated by the United States, and adopted in the cases noted above, the exception applies because the summonses were issued to aid in the collection of the unpaid assessed taxes. Thus, the Court finds that the no-notice exception applies, meaning there is no jurisdiction, and the United States' motion to dismiss should be granted.

Petitioners also contend that they are entitled to depose Revenue Officer Santiago or to question her during an evidentiary hearing. However, Petitioners do not explain why the requested discovery is necessary or how it will help them establish jurisdiction. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). "[A] party is not entitled to jurisdictional

discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion. This is particularly true where the party seeking discovery is attempting to disprove an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id*. at 342. The Supreme Court recently addressed the issue of whether a taxpayer is entitled to examine the IRS agent who issued the summons in the context of an enforcement proceeding, and the Supreme Court held "that a bare allegation of improper purposes does not entitle a taxpayer to examine IRS officials"' rather the taxpayer must point "to specific facts or circumstances plausibly raising an inference of bad faith" and "offer some credible evidence supporting his charge." *Clarke*, 134 S.Ct. at 2365-68. This rationale is applicable in the current case because here it has not been established that jurisdiction was appropriate, and indeed, the Court has found that it is not appropriate. Further, Revenue Officer Santiago has submitted an affidavit under penalty of perjury setting out her findings and investigation results. Therefore, Petitioners have not established that they are entitled to discovery, and that request is denied.

Petitioners also request that, in the alternative, the Court convert the United States' motion into a Rule 12(b)(6) motion because the jurisdictional issue is intertwined with the merits. The Court disagrees. The Court does not have to address the merits of the motion to quash in in order for it to determine that there is no jurisdiction over this suit. This request is also denied.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant United States of America's Motion to Dismiss Petitioners' Amended Petition to Quash IRS Summons[es] for Lack of

7

Subject-Matter Jurisdiction Under Rule 12(b)(1) (Dkt. #15) is **GRANTED**, and the Petitioners' motion to quash the IRS summons is dismissed without prejudice for lack of jurisdiction.

    **IT IS SO ORDERED.**
    **SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE